Partow v Van Owners Purch. Bur., Inc. (2023 NY Slip Op 00959)

Partow v Van Owners Purch. Bur., Inc.

2023 NY Slip Op 00959

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Kapnick, J.P., Oing, Kennedy, Pitt-Burke, JJ. 

Index No. 29770/17E Appeal No. 17389 Case No. 2022-04599 

[*1]Pardis Partow, Plaintiff-Respondent,
v
Van Owners Purchasing Bureau, Inc., et al., Defendants-Appellants.

Quintairos, Prieto, Wood & Boyer, P.A., New York (Jyoti M. Halsband of counsel), for appellants.
Ogen & Sedaghati, P.C., New York (Eitan Alexander Ogen of counsel), for respondent.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered on or about July 27, 2022, which denied defendants' motion seeking post-note of issue discovery and to compel plaintiff to appear for a further medical examination by defendants' expert, unanimously affirmed, without costs.
The court properly concluded that defendants waived the additional medical examination of plaintiff due to their dilatory conduct. A lack of diligence in seeking discovery does not constitute unusual or unanticipated circumstances warranting post-note of issue discovery (22 NYCRR 202.21[d]; see Gonzalez v Miles, 187 AD3d 636 [1st Dept 2020]).
As the court noted, defendants did not explain why they failed to notice the medical examination within 21 days of the court's 9/27/19 order or why they failed to take any action in the months prior to the March 2020 pandemic closures. They also failed to explain why they did not act when plaintiff did not appear for the examination in January 2021 and instead waited until March 2022 to seek to compel her appearance (see Colon v Yen Ru Jin, 45 AD3d 359, 360 [1st Dept 2007]).
Although defendants contend that the attorney handling the case suffered a protracted illness and died in February 2022, after a more than three-year battle with cancer, plaintiff asserts that defendants' law firm had more than 65 attorneys, a fact not denied by defendants.
As the court noted, having failed to sustain their burden of demonstrating unusual or unanticipated circumstances, the court was not required to address the issue of substantial prejudice (see Jenkins v Riverbay Corp., 187 AD3d 543 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023